UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CRIMINAL ACTION NO. 0:04-cr-22-DLB

UNITED STATES OF AMERICA,                                                              PLAINTIFF,

V.            **MAGISTRATE JUDGE'S REPORT &
                      RECOMMENDATION**

JOSHUA PHILLIPS,                                                                        DEFENDANT.

*** *** *** ***

This matter came before the Court for a final revocation hearing on April 1, 2013, as a result of a Supervised Release Violation Report dated March 14, 2013. The report outlines five (5) alleged violations of the terms of Defendant's supervised release. At the final hearing, Mr. Phillips was present and represented by appointed counsel, Michael Curtis, and the United States by and through Assistant United States Attorney Patrick Molloy, on behalf of Assistant United States Attorney James Arehart. Phillips stipulated to Violation Nos. 1, 2, 3, and 4 as contained in the report, and waived his right of allocution before a United States District Judge. The parties reached a binding agreement that a sentence of twenty-seven (27) months imprisonment with no supervised release to follow be imposed. The matter now stands submitted for a recommendation from the undersigned. For the reasons that follow, the undersigned will recommend that the Court dismiss Violation No. 5, Mr. Phillips be found guilty of Violation Nos. 1, 2, 3, and 4 based on his stipulation, and that the Court impose a sentence of a term of imprisonment of twenty-seven (27) months, with no supervised release to follow.

**FINDINGS OF FACT**

At the hearing on April 1, 2013, Mr. Phillips admitted that he attempted to switch his urine specimen cup for one with water at a drug test administered by the United States Probation

Office on February 20, 2013. Mr. Phillips stipulated to illegal use, which in Kentucky amounts to possession, of ecstasy, marijuana, and methamphetamines during the term of his supervised release as outlined in the report. Further, Mr. Phillips testified that he failed to report to the United States Probation Office on March 11, 2013 as directed by United States Probation Officer ("USPO") Allison Biggs. The stipulated conduct establishes, by a preponderance of the evidence, that the Defendant has violated the following conditions of his supervised release:

(1)     Special Condition of Supervised Release: The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is a required condition of release;

(2)     Standard Condition #7: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

(3)     Supervised Release Condition: The defendant shall not commit another federal, state or local crime; and

(4)     Standard Condition #3: The defendant shall answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer.

## **RECOMMENDATION**

In making a recommendation regarding the imposition of sentence, the undersigned has considered the following factors set forth in 18 U.S.C. § 3553:

(i)     The nature and circumstances of the offense.  In the instant matter, the Defendant admitted that, during a urinalysis drug test administered by the United States Probation Office, he attempted to switch the specimen cup containing his urine for another specimen cup containing water in order to cover up his drug use, a Grade C Violation of his supervised release.

The Defendant stipulated to illegal use of the controlled substance, ecstasy, marijuana, and methamphetamines, along with the use of alcohol, a Grade C Violation of his supervised release. Due to the Sixth Circuit Court of Appeal's finding that use of a controlled substance is the equivalent of possession, the Defendant's simple possession of ecstasy and methamphetamine was a violation of KENTUCKY REVISED STATUTE § 218A.1415, a Class D Felony, a Grade B Violation of his supervised release.

The Defendant additionally admitted that he was ordered on March 5, 2013 to report to back to the United States Probation Office on March 11, 2013 by USPO Biggs and failed to report on March 11, 2013 as directed, a Grade C Violation of his supervised release.

(ii)     The history and characteristics of the defendant.  On February 7, 2006, the Defendant was sentenced to a term of eight-four (84) months imprisonment to be followed by a five-year term of supervised release, following his guilty plea to Felon in Possession of Ammunition, in violation of 18 U.S.C. § 924(e)(1). The Defendant began his term of supervised release on December 10, 2012. The instant matter is Defendant's second occasion for violation of the terms of supervised release. The Defendant previously admitted diluting his sample submitted for urinalysis with water and use of oxycodone without a prescription, but was allowed to remain on supervised release by the Court on December 13, 2012 with the additional condition of release that he shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is a required condition of release.

Supporting the instant violations, on February 20, 2013, USPO Biggs met with the Defendant at his place of employment to collect a sample for urinalysis. After the Defendant was unable to produce a specimen, USPO Biggs directed the Defendant to report to the United States

Probation Office later that day. When the Defendant reported to the probation office, USPO Mike Jones collected an observed urinalysis sample from the Defendant. After producing the urine sample, the Defendant turned his back to USPO Jones twice before providing the specimen cup to USPO Jones. USPO Jones then inspected the cup and found that the bar code strip he had placed on the cup he provided to the Defendant was missing. When USPO Jones questioned the Defendant about the missing bar code strip, he stated that he was not sure what happened to the bar code strip. USPO Jones then noticed a bulge in the front pocket of the Defendant's shirt, patted the bulge, and asked the Defendant what was in his pocket. The Defendant then admitted that he had switched the specimen cup containing his urine for a different specimen cup containing water to hide his drug use. The Defendant had obtained the additional specimen cup when it was discarded at his place of employment earlier that day when he was asked to provide a sample for urinalysis. The Defendant then admitted to using ecstasy and marijuana on February 18, 2013 and signed an admissions form to that effect.

As a result of the Defendant's actions on February 20, 2013, he was directed to meet with USPO Biggs on February 21, 2013.  At that meeting, they discussed the Defendant's past and ongoing substance abuse problems and the Defendant also admitted to using methamphetamines and drinking alcohol on occasion during his supervised release. USPO Biggs provided the Defendant with a list of inpatient substance abuse programs, requested that he contact the facilities, and enroll in a program that best addressed his needs, at his own expense. The Defendant met with USPO Biggs regarding inpatient treatment on February 28, 2013 and March 5, 2013. The Defendant was directed to report back to the probation office on March 11, 2013 with information concerning which treatment program he would be enrolling in and attending.

The Defendant testified that he contacted several facilities but was unable to get into or pay for a program, and consequently did not report to the probation office as directed on March 11, 2013.

A warrant for the Defendant's arrest was issued by the Court on March 15, 2013. The Defendant was subsequently arrested on March 20, 2013.

(iii)   The need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to future conduct; and to protect the public from further crimes of the Defendant. The Court notes that the parties and Mr. Phillips reached an agreement with a binding sentence of a term of imprisonment of twenty-seven (27) months, with no supervised release to follow. Considering the Defendant's criminal history category, the instant violations in this matter, and his personal history, the Court finds in accordance with the parties' agreement, that term of incarceration of twenty-seven (27) months, with no supervised release to follow thereafter is reasonable and sufficient to address the concerns embodied in 18 U.S.C. § 3553.

(iv)   The sentencing guideline recommendation for imprisonment and statutory limitations. In the instant matter, the most serious of the violations committed by the Defendant is one (1) Grade B violation, and under § 7B1.1, based on the Defendant's criminal history category of VI, the guideline range of imprisonment would be twenty-one (21) to twenty-seven (27) months. The maximum statutory period of imprisonment would be a term of not more than five (5) years. *See* 18 U.S.C. § 3583(e)(3). The Guidelines are, of course, advisory in nature, to be considered by the District Judge along with all relevant factors in exercising his sentencing discretion.

For the reasons stated herein, IT IS RECOMMENDED AS FOLLOWS:

(1)     That Violation No. 5 be DISMISSED;

(2)     That the Defendant be found to have committed the four (4) violations outlined above;

(3)     That the Defendant be sentenced without delay to a period of twenty-seven (27) months incarceration, with no supervised release to follow upon release from custody; and

(4)     That the Court recommend to the Bureau of Prisons that the Defendant be designated to FCI Manchester in Manchester, Kentucky.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed April 1, 2013.

Signed By:
*Edward B. Atkins*   *EBA*
United States Magistrate Judge